**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Landon K. RUDOLFO, Defendant-Appellant.**

No. 16-10327

United States Court of Appeals, Ninth Circuit.

Argued and Submitted November 7, 2017 Portland, Oregon

Filed November 22, 2017

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Marc A. Wallenstein, DOJ—Office of the US Attorney, Honolulu, HI, for Plaintiff-Appellee

Pamela O'Leary Tower, Attorney, Pamela O'Leary Tower Attorney at Law, Portland, OR, for Defendant-Appellant

Before: FERNANDEZ, W. FLETCHER, and MELLOY,[*] Circuit Judges.

MEMORANDUM [**]

Landon K. Rudolfo appeals his conviction for trafficking in certain motor vehicles (those with vehicle identification numbers (VINs) which had been unlawfully "removed, obliterated, tampered with, or altered").[1] 18 U.S.C. § 2321(a). We affirm.

(1) Rudolfo argues that there was reversible *Doyle*[2] error when the government elicited testimony that Rudolfo had obtained an attorney and had not cooperated with the government. Plainly, that evidence should not have been elicited,[3] but because the district court promptly gave a curative instruction[4] and the government did not repeat or allude to those facts at any time thereafter,[5] there was no *Doyle* violation.[6]

(2) Rudolfo then contends that reversal is required because a government witness (FBI agent Sakanoi) vouched for the reliability of another government witness (co-conspirator Javillo). The government concedes that there was improper vouching, as indeed there was. *See United States v. Hermanek*, 289 F.3d 1076, 1098 (9th Cir. 2002). However, on this record that vouching was harmless error. *See United States v. Stinson*, 647 F.3d 1196, 1212–13 (9th Cir. 2011); *Hermanek*, 289 F.3d at 1098, 1102. The error was an isolated incident,[7] and the other evidence in the record[8] made this a strong case against Rudolfo. The record included evidence of: Rudolfo's knowledge that Roddy Tsunezumi, whom Rudolfo contacted, could supply a vehicle with VINs that were altered; Rudolfo's knowledge of changes in Toyota styles from year-to-year; his purchase of a vehicle with VINs that had been altered in ways that a knowledgeable person would recognize; the fact that Rudolfo had been trained to observe alterations; and recorded conversations with Tsunezumi.

[*] The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. Hereafter when we use "altered" we mean "removed, obliterated, tampered with, or altered."

2. *Doyle v. Ohio*, 426 U.S. 610, 617–18, 96 S.Ct. 2240, 2244–45, 49 L.Ed. 2d 91 (1976); *see also Anderson v. Charles*, 447 U.S. 404, 407–08, 100 S.Ct. 2180, 2181–82, 65 L.Ed. 2d 222 (1980) (per curiam); *United States v. Kallin*, 50 F.3d 689, 693–94 (9th Cir. 1995).

3. We reject the government's suggestion that the questions were invited by the defense. Here, the defense asked nothing to suggest that Rudolfo had cooperated with the government. *See Lincoln v. Sunn*, 807 F.2d 805, 810 (9th Cir. 1987); *cf. Leavitt v. Arave*, 383 F.3d 809, 827 (9th Cir. 2004) (per curiam); *McMillan v. Gomez*, 19 F.3d 465, 469–70 (9th Cir. 1994).

4. *See Greer v. Miller*, 483 U.S. 756, 763–65, 107 S.Ct. 3102, 3108, 97 L.Ed. 2d 618 (1987).

5. *See id.*

6. *See id.; see also United States v. Lopez*, 500 F.3d 840, 846–47 (9th Cir. 2007); *United States v. Kennedy*, 714 F.2d 968, 976 (9th Cir. 1983).

7. *See Stinson*, 647 F.3d at 1212.

8. *See id.* at 1212–13.

(3) Rudolfo then goes on to argue that reversal is required because Javillo was permitted to give his lay opinion[9] that Rudolfo knew that the 4Runner was stolen and had VINs that were altered. However, Javillo's testimony was based, at least in part, upon his personal knowledge of Rudolfo[10] and was not entirely speculative.[11] Of course, speaking to what someone "knew" inevitably has a speculative aspect to it, and the district court recognized that it was a close issue. In any event, assuming that the district court was acting outside of the boundaries of its discretion[12] when it admitted Javillo's lay testimony, the other evidence of Rudolfo's knowledge was very strong. Thus, any error in that respect was harmless. *See Gadson,* 763 F.3d at 1208.

(4) Even taken together, the errors in this case do not warrant reversal. *See United States v. Cazares,* 788 F.3d 956, 990–91 (9th Cir. 2015); *United States v. Necoechea,* 986 F.2d 1273, 1282–83 (9th Cir. 1993).

AFFIRMED.

---

9. *See* Fed. R. Evid. 701.

10. *See United States v. Lopez,* 762 F.3d 852, 864 (9th Cir. 2014).

11. *See United States v. Beck,* 418 F.3d 1008, 1014–15 (9th Cir. 2005); *United States v. Skeet,* 665 F.2d 983, 985 (9th Cir. 1982).

12. *See United States v. Gadson,* 763 F.3d 1189, 1209 (9th Cir. 2014); *United States v. Barrett,* 703 F.2d 1076, 1086 (9th Cir. 1983); *see also United States v. Hinkson,* 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).